**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Cornelia W. Johnson, | |
| Plaintiff, | Civil Action No.: 3:25-cv-6651-SAL |
| v. | **COMPLAINT** |
| USIC Locating Services, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Upon information and belief, Plaintiff respectfully alleges and will show the following:

1. Plaintiff, Cornelia W. Johnson, is a citizen and resident of Richland County, South Carolina, and was so at the time of the wreck that is the subject of this action.

2. Defendant, USIC Locating Services, LLC is a foreign limited liability company incorporated under the laws of Indiana and authorized to do business in this State. Upon information and belief, Defendant USIC Locating Services, LLC (hereinafter "Defendant USIC") has a principal place of business in Indiana and is without any LLC members in South Carolina.

3. The Defendant USIC's driver, Tristen D. Queen, was, at all times relevant, an employee subject to the actual control or right to control of Defendant USIC in the method and manner of fulfilling his responsibilities of employment. This includes, but is not limited to, the exact responsibilities being performed at the time of the wreck in this case. As an employee, at all times relevant, Mr. Queen is the agent, actual or apparent of Defendant USIC.

4. Defendant USIC is responsible for the actions of its employees through the doctrine of *respondeat superior* and the principles of agency.

5. The wreck that is the subject of this action occurred on Irmo Drive, in Lexington,

Lexington County, South Carolina.

6. Pursuant to 28 U.S.C. § 1332, this court has jurisdiction based on complete diversity of citizenship of the parties and upon the amount in controversy exceeding $75,000.00.

7. Pursuant to 28 U.S.C. § 1391(b)(2) and Local Civil Rule 3.01(A)(1), venue is proper in the Columbia Division of the United States District Court, District of South Carolina, as a substantial part of the events giving rise to this lawsuit occurred in Lexington County.

8. Once served with process, Defendant USIC is subject to the jurisdiction and venue of this Court.

9. At the time of this wreck, Mr. Queen was engaged in work activity as an employee, servant, and/or agent of Defendant and was acting within the course and scope of his employment, agency or servitude and at the direction of his employer as an employee.

10. The Defendant is properly named.

11. On September 8, 2023, Plaintiff was traveling South on Irmo Drive, in Lexington, South Carolina, in her 2010 Toyota Pruis, bearing South Carolina license plate 3087KC.

12. At the same time, Defendant USIC's employee Queen was backing out of a private driveway, in his employer's vehicle, a 2020 Chevy Pick-up Truck, bearing South Carolina license plate K111907, registered to Defendant USIC.

13. As Plaintiff continued to travel straight ahead down Irmo Drive, USIC employee Queen, continued to reverse and hit the passenger side of Plaintiff's vehicle.

14. Employee Queen operated the truck with the knowledge and permission of its owner, Defendant USIC.

15. Plaintiff acted as a reasonable and prudent driver at the time of the collision.

16. The impact caused serious injuries to Plaintiff.

17. Plaintiff's vehicle was deemed a total loss.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

18. Plaintiff incorporates herein by reference the allegations of all preceding paragraphs of this Compliant as if each were fully set forth herein in their entirety.

19. Defendant, in the conduct of its business, hires employees to conduct its business at various locations.

20. Defendant has a duty to properly hire employees and to train and manage said employees to act prudently, including but not limited to, employees driving employer owned vehicles to conduct the business of Defendant.

21. Defendant owed Plaintiff and others on the public roadways a duty of care and violated that duty of care by its careless, negligent, grossly negligent, reckless, and/or willful acts and/or omissions.

22. Defendant USIC's employee Queen was traveling too fast for conditions, in violation of S.C. Code Ann. § 56-5-1520(a), constituting negligence *per se*.

23. Defendant USIC's employee Queen failed to maintain a proper lookout, in violation of S.C. Code Ann. § 56-5-3230, constituting negligence *per se*.

24. Defendant USIC's employee Queen, while acting as agent and servant of Defendant USIC, violated the duties of care owed to Plaintiff and was careless, negligent, grossly negligent, negligent *per se*, reckless, willful, wanton, and/or acting in violation of the laws of this State at the time and place mentioned above, in the following particulars:

   a. In driving too fast for conditions;

   b. In failing to maintain a proper lookout;

   c. In failing to take evasive action so as to avoid a collision with the oncoming

    automobile;

d. In being inattentive and/or allowing himself to become distracted;

e. In failing to timely and safely apply his brakes;

f. In failing to sound his horn;

g. In failing to maintain safe and proper control over the vehicle;

h. In violating applicable regulations and statutes;

i. In failing to yield the right of way;

j. In proceeding into the roadway when it was not safe to do so;

k. In failing to use that degree of care and caution that a reasonable driver would have used under the same or similar circumstances;

l. In driving said vehicle in utter disregard of the rights and safety of Plaintiff and others lawfully using the public highway at the time and place aforesaid; and

m. In other such particulars as discovery in the case and the evidence at trial may show.

25. The Plaintiff's injuries and property damage are the direct and proximate result of the Defendant's breaches of duties owed to her.

26. Upon information and belief, at all times relevant, Defendant's employee Queen was acting within the course and scope of his employment, agency or servitude of Defendant at the time of the motor vehicle wreck herein.

27. Defendant is vicariously liable for the negligent actions or omissions of its employees or agents pursuant to the doctrines of *respondeat superior*, or actual agency, and/or apparent agency.

28. That as a result of the negligence of Defendant, the Plaintiff suffered serious injuries and damages as set forth herein.

29. Defendant USIC is liable for all damages allowed by law for the injuries, damages,

and losses sustained by Plaintiff in this case.

## FOR A SECOND CAUSE OF ACTION
(**Negligent Retention**)

30. Plaintiff incorporates herein by reference the allegations of all preceding paragraphs of this Compliant as if each were fully set forth herein in their entirety.

31. The Defendant directed, supervised, and controlled its employees or agents responsible for driving employer owned vehicles.

32. The Defendant owed a duty to the public and the Plaintiff to hire personnel and employees who were appropriately trained and qualified to act as drivers for Defendant.

33. The Defendant breached that duty by hiring personnel and employees who were not adequately trained and were not qualified to safely drive and protect the public, including Plaintiff.

34. The Defendant had a duty to comply with South Carolina law, regulations and/or industry standards with respect to the retention of its employees and/or agents, including but not limited to the drivers of their company vehicles.

35. The Defendant breached that duty by failing to adequately investigate the background, driving records, and ability of its employees to drive, specifically employee Queen, before hiring and retaining him in order to determine whether or not he was trained, legally qualified, and competent to drive company vehicles for Defendant.

36. At all times relevant, Mr. Queen was an employee or agent of Defendant USIC and was acting within the course and scope of his employment or agency.

37. The Defendant owed a duty to Plaintiff and other drivers to provide training to its employees and/or drivers.

38. The Defendant breached that duty by failing to provide appropriate training to its

employees, including employee Queen, regarding the proper and safe operation of a motor vehicle.

39. As a result of Defendant's breaches of duty, the Plaintiff was injured when employee driver Queen crashed into her vehicle.

40. The acts and omissions of Defendant were reckless, willful, wanton, and showed blatant disregard for the safety of the Plaintiff and other drivers on the roadway.

41. The acts, omissions, conduct, and behavior of Defendant caused Plaintiff to suffer injuries and damages as set forth herein.

42. Upon information and belief, Defendant violated its duties of care to Plaintiff and others on the public roadways and were careless, negligent, grossly negligent, reckless, and/or willful in committing acts and/or omissions in the following ways:

  a. In failing to properly screen employee Queen before hiring him;

  b. In hiring and retaining an unqualified and unsafe employee;

  c. In hiring and retaining an unqualified and unsafe driver as an employee;

  d. In failing to properly train employee Queen as a driver so that he was equipped to operate a vehicle properly and safely so as to prevent needless injuries to members of the public using the roadways;

  e. In failing to properly direct and supervise employee Queen;

  f. In failing to have in place adequate policies and procedures to mandate compliance with State statutes, laws, and regulations, if such policies and procedures were in place, and in failing to enforce them;

  g. In failing to exercise the degree of care and caution that a reasonable and prudent entity would have exercised under the same and similar circumstances; and

      h. In such other particulars that may be discovered and/or shown in discovery in the case and/or by evidence at trial.

43. As a direct and proximate result of the negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of the Defendant, through its agents, servants and/or employees, the Plaintiff suffered severe bodily injuries.

44. That due to and as a result of the Defendant's negligence, gross negligence, and recklessness, including but not limited to negligent hiring, negligent training, and negligent retention of the Defendant's employees and/or agents, who were acting or omitted from acting, within the course and scope of their employment, Plaintiff suffered severe bodily injuries.

## FOR A THIRD CAUSE OF ACTION
### (Negligent Supervision)

45. Plaintiff incorporates herein by reference the allegations of all preceding paragraphs of this Compliant as if each were fully set forth herein in their entirety.

46. The Defendant owed a duty to the Plaintiff and others to supervise its personnel and employees and determine if these persons were appropriately trained and adequate to act as drivers and not to allow these personnel to place the Plaintiff and others at risk of being injured.

47. The Defendant breached that duty by failing to supervise their personnel and employees who were unqualified to drive and cause the acts described in this Complaint and the Defendant had knowledge that these persons were likely incompetent drivers and Defendant failed to remedy the situation.

48. The Defendant had a duty to supervise its drivers so that they did not pose an unreasonably dangerous risk to others, including Plaintiff, on the roadway.

49. The Defendant breached that duty by failing to provide the necessary supervision of employee driver Queen in the following ways:

    a. In providing its vehicle, or one in which it had control or ownership, to employee Queen;

    b. In permitting employee Queen to drive its vehicle while displaying its logo for the purpose of furthering its business and/or financial gain;

    c. In permitting employee Queen to drive its vehicle when it knew or should have known that he was an inexperienced, careless, unsafe and/or unskilled driver;

    d. In failing to take all reasonable steps to ensure that the driver to whom it was providing a vehicle for use was a safe, experienced, skilled driver who would drive with due care, attention to traffic, and obey all traffic laws;

    e. In failing to properly train employee Queen to operate the vehicle involved in this wreck;

    f. In failing to have in place an adequate safety program for the safety and protection of the public;

    g. In negligently entrusting its vehicle to the custody, control, and use of employee Queen without properly and adequately checking his qualifications and ability to safely drive its vehicle and/or ensure his safe operation of its vehicle; and

    h. In such other particulars that may be discovered and/or shown in discovery in the case and/or by evidence at trial.

50. The Defendant knew or should have known that its personnel and employees were unqualified drivers and Defendant failed to properly supervise its personnel and employees to prevent such employees from driving and endangering the public.

51. As a direct and proximate result of the negligent, grossly negligent, careless,

reckless, willful, and wanton acts and/or omissions of the Defendant, through its agents, servants and/or employees, the Plaintiff suffered severe bodily injuries.

## DAMAGES

52. Plaintiff incorporates herein by reference the allegations of all preceding paragraphs of this Compliant as if each were fully set forth herein in their entirety.

53. The above-named Defendant is liable for all damages alleged herein since its negligent, reckless, and wanton acts and omissions were a direct and proximate cause of the Plaintiff's damages and injuries.

54. As a result of the Defendant's acts and/or omissions, Plaintiff suffered severe physical harm and bodily injuries, which have caused and will in the future cause Plaintiff to undergo physical pain and suffering, mental anguish, emotional distress, permanent injury, permanent impairment of health and bodily efficiency, loss of income, and other such damages to be determined by a jury in the case.

55. Plaintiff is entitled to recover, as a direct and proximate result of the actions and omissions of this Defendant, medical expenses, lost wages, and other damages, both past and future.

WHEREFORE, Plaintiff prays for judgment against this Defendant for actual, special, consequential damages and punitive damages in an appropriate amount determined by a fair and impartial jury, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

**McWHIRTER, BELLINGER & ASSOCIATES, P.A.**

By:     s/J.C. Nicholson, III_____
         J.C. Nicholson, III
         Federal Bar No.: 9171
         119 East Main Street
         Lexington, South Carolina 29072
         (803) 359-5523 Phone
         (803) 359-1248 Fax
         JC@mbalaw.com
         *Attorneys for the Plaintiff*

July 2, 2025

Lexington, South Carolina